UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

US FIRE PUMP COMPANY, LLC

VERSUS

ALERT DISASTER CONTROL
(MIDDLE EAST) LTD., ET AL.

CIVIL ACTION

NO. 19-335-SDD-EWD

## NOTICE AND ORDER

On May 29, 2019, plaintiff, US Fire Pump Company, LLC ("Plaintiff") filed a Complaint

(the "Complaint") against Alert Disaster Control (Middle East) Ltd., Alert Disaster Control (U.S.)

Inc., Alert Disaster Control (Asia) Pte. Ltd., and Michael E. Allcorn ("Allcorn").[1]   Plaintiff

contends that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Although Plaintiff adequately alleges that Alert Disaster Control (Middle East) Ltd. is a

citizen of the United Arab Emirates, Alert Disaster Control (U.S.) Inc. is a citizen of Nevada, and

Alert Disaster Control (Asia) Pte. Ltd. is a citizen of Singapore,[2] the Complaint does not include

sufficient allegations of Plaintiff's or Allcorn's citizenship.[3]

With respect to Plaintiff, Plaintiff alleges that US Fire Pump Company, LLC "is a Delaware

limited liability company" with its "principal place of business…in the State of Louisiana…."[4]

However, in order to allege the citizenship of a limited liability company, Plaintiff must identify

each of the members of the association and the citizenship of each member in accordance with the

requirements of § 1332(a) and (c).[5]  The same requirement applies to any member of a limited

---

[1] R. Doc. 1.

[2] R. Doc. 1, ¶¶ 4-6.

[3] Plaintiff also alleges that the "amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs."  R. Doc. 1, ¶ 9.

[4] R. Doc. 1, ¶ 3.

[5] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a

liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[6]

With respect to the individual defendant, Allcorn, Plaintiff alleges that Allcorn "is an individual who resides in the State of Nevada. Thus Michael E. Allcorn is deemed to be a citizen of the State of Nevada."[7] However, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."[8]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **July 1, 2019**, US Fire Pump Company, LLC shall file a Notice that adequately alleges the citizenship of Plaintiff and Michael E. Allcorn.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 20, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[6] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[7] R. Doc. 1, ¶ 7.

[8] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).