UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

US FIRE PUMP COMPANY, LLC                        CIVIL ACTION

VERSUS                                           19-335-SDD-EWD

ALERT DISASTER CONTROL (MIDDLE
EAST) LTD., ET AL.

## RULING

Before the Court is a *Motion to Dismiss*[1] under Rule 12(b)(2) and Rule 12(b)(5) and a *Motion for Partial Dismissal*[2] under Rule 12(b)(6) filed by Alert Disaster Control (Asia) PTE. Ltd ("Alert Asia"), Alert Disaster Control (Middle East) Ltd. ("Alert Middle East"), Alert Disaster Control (U.S.), Inc. ("Alert USA"), and Michael Allcorn ("Allcorn") (collectively, "Defendants"). US Fire Pump Company, LLC ("Plaintiff") has filed an *Opposition*[3] to both motions. For the following reasons, Defendants' *Motion to Dismiss*[4] under Rule 12(b)(2) and Rule 12(b)(5) shall be GRANTED, and Defendants' *Motion for Partial Dismissal*[5] under Rule 12(b)(6) shall be DENIED as moot.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff alleges[6]:

- Defendant, ALERT DISASTER CONTROL (Middle East) LTD. is a foreign corporation with its principal place of business in the United Arab Emirates ("UAE"), thus, deemed a citizen of the UAE.
- Defendant, ALERT DISASTER CONTROL (US) INC. is a Nevada corporation with its principal place of business in Nevada, thus, ALERT

---

[1] Rec. Doc. 14.
[2] Rec. Doc. 15.
[3] Rec. Doc. 21-1, Rec. Doc. 22-2.
[4] Rec. Doc. 14.
[5] Rec. Doc. 15.
[6] Rec. Doc. 1.
59689

- DISASTER CONTROL (U.S.) INC. is deemed a citizen of Nevada. Defendant, ALERT DISASTER CONTROL (Asia) PTE LTD. is a foreign corporation with its principal place of business in Singapore, thus, deemed a citizen of Singapore.
- Defendant, MICHAEL E. ALLCORN, is an individual who resides in the State of Nevada. Thus MICHAEL E. ALLCORN is deemed to be a citizen of the State of Nevada.

Plaintiff brings this state law breach of contract claim alleging that "[o]n or about December 5, 2018, Defendants entered into contract negotiations with US Fire Pump Company for the purchase of equipment culminating on December 10, 2018, with a contract wherein Defendants agreed to purchase materials and equipment for the purchase price of three million, four hundred and thirty thousand, two hundred and eighty-three dollars, and zero cents United States dollars ($3,430,283.00), payment to be made in full in three to five business days upon receipt of invoice."[7] After further discussion of specifics pertaining to the materials and equipment to be delivered Plaintiff "tendered the materials and equipment on December 18, 2018"[8] and invoiced ALERT DISASTER CONTROL (Middle East) LTD.[9] The Defendants never paid and this suit ensued.

On January 10, 2019, Plaintiff contacted Defendants to inquire about payment, and on January 29, 2019, Defendants, allegedly through Allcorn, communicated via email an assurance of future payment.[10] Plaintiffs allege that no payment was made or has been made despite multiple communications throughout February and March of 2019.[11] Plaintiff made a formal demand for payment to Defendants on April 4,

---

[7] Rec. Doc. 1, ¶ 5.
[8] Rec. Doc. 1 ¶ 15.
[9] Rec. Doc. 1-2.
[10] Rec. Doc. 1 at ¶¶19-20.
[11] *Id.* at ¶¶21-22.
59689

2019;[12] Plaintiff also sent a complaint to the Louisiana Attorney General on May 22, 2019.[13] Plaintiff filed suit on May 29, 2019, claiming breach of contract, bad faith, negligent and fraudulent misrepresentation, violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), and failure to pay on an open account.[14] Plaintiffs seek specific performance and damages, including costs, lost profits, incidental damages, court costs, attorney fees, and treble damages.[15]

## II. LAW AND ANALYSIS

This case invokes the Court's diversity jurisdiction and presents state law claims. Defendants challenge personal jurisdiction under Rule 12(b)(2) and allege improper service of process under Rule 12(b)(5); separately, Defendants move to dismiss under Rule 12(b)(6). The Court addresses each of these grounds for dismissal in turn.

### A. Personal Jurisdiction: Rule 12(b)(2) Motion to Dismiss

#### i. Louisiana Law Applied

Federal courts must interpret state laws based on how the highest court in the state where the federal court sits would interpret the law.[16] Federal courts in Louisiana must examine the State Constitution, the codes, and the statutes of Louisiana as primary sources of law and contrast them with other secondary sources, including jurisprudence and other general legal principles.[17] "To make a so-called '*Erie* guess'

---

[12] Rec. Doc. 1 at ¶23.
[13] *Id.* at ¶38.
[14] *Id.* at ¶¶24-43.
[15] *Id.* at ¶¶44-46.
[16] *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010); *Gen. Elec. Capital Corp. v. Se. Health Care, Inc.*, 950 F.2d 944, 950 (5th Cir. 1991).
[17] *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 547 (5th Cir. 2004); *see also* LA. CIV. CODE art. 1, rev. cmt. (b).
59689

on an issue of Louisiana law, the Court must 'employ the appropriate Louisiana methodology' to decide the issue the way that it believes the Supreme Court of Louisiana would decide it."[18]

### ii. Legal Standard

"A federal district court has personal jurisdiction over a nonresident defendant to the same extent as a state court in the state in which the district court is located."[19] Thus, personal jurisdiction over a nonresident defendant attaches only when a defendant is amenable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.[20] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[21] "This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[22] Consequently, the Court shall apply Louisiana law on personal jurisdiction to determine whether it has personal jurisdiction over Defendants.

The Due Process and Long Arm Statute queries merge into one because Louisiana's long-arm statute extends jurisdiction coextensively with the limits of the Due Process Clause.[23] Due process is satisfied for personal jurisdiction purposes when: (1)

---

[18] *Andretti Sports Marketing La., LLC v. Nola Motorsports Host Committee, Inc.*, 147 F.Supp. 3d. 537, 553 (E.D. La. 2015) (quoting *Shaw Constructors*, 395 F.3d at 547).
[19] *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242 (5th Cir. 2008).
[20] LA. REV. STAT. art. 13:3201.
[21] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)).
[22] *Id.* (quoting FED. R. CIV. P. 4(k)(1)(a)).
[23] *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *St. Martin & Mahoney v. Patton*, 863 F.Supp. 311, 313–14 (E.D. La. 1994).
59689

the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice."[24] The "purposeful availment must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[25] The "minimum contacts" prong is split into two forms: general personal jurisdiction and specific personal jurisdiction.[26]

"Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show that the assertion of jurisdiction would be unfair."[27] "Even if minimum contacts exist, the exercise of personal jurisdiction over a non-resident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends 'traditional notions of fair play and substantial justice.'"[28] The second prong of the Due Process Clause analysis requires the Court to consider (1) the defendant's burden, (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies.[29]

A court may exercise specific jurisdiction "in a suit arising out of or related to the

---

[24] *Mark Doyle Construction, LLC v. TriHM Found., LLC*, 2018 WL 3763014 at *6 (W.D. La. 2018) (citing *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 367 (5th Cir. 2010)).
[25] *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 ("This 'purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.") (citations omitted); *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 588 (5th Cir. 2014).
[26] *Choice Healthcare*, 615 F.3d at 368.
[27] *Walk Haydel*, 517 F.3d at 245 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).
[28] *Ruston Gas Turbines*, 9 F.3d at 421 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).
[29] *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809 (5th Cir. 2006) (citing *Ruston Gas Turbines*, 9 F.3d at 421).
59689

defendant's contacts with the forum"[30] when the "nonresident defendant has purposefully directed its activities at the forum state."[31] The Fifth Circuit follows a three-step analysis for specific personal jurisdiction. First, a court must determine "whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there."[32] Second, a court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts."[33] Third, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable."[34] "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown."[35]

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident.[36] When a district court rules on a motion to dismiss without an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction.[37] At this stage, uncontroverted allegations in the complaint must be taken as true, and conflicts

---

[30] *Paz*, 445 F.3d at 414; *Luv N' Care, Ltd., v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[31] *Choice Healthcare*, 615 F.3d at 368 (quoting *Walk Haydel*, 517 F.3d at 243).
[32] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *see also Hanson v. Denckla*, 357 U.S. 235, 250–251 (1958).
[33] *Nuovo Pignone*, 310 F.3d at 378.
[34] *Seiferth*, 472 F.3d at 271 (citing *Burger King*, 471 U.S. at 382).
[35] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 615 (5th Cir. 2008) (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).
[36] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *cert. den.*, 450 U.S. 1023 (1983).
[37] *Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 230–31 (5th Cir. 1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986), *cert. den.*, 481 U.S. 1015 (1987).
59689

between the parties' affidavits must be resolved in the plaintiff's favor.[38] To aid resolution of the jurisdictional issue, a court "may receive interrogatories, depositions or any combination of the recognized methods of discovery . . . But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts."[39] "When deciding a motion to dismiss for lack of personal jurisdiction, the court is not limited to considering the facts pleaded in the complaint."[40]

### iii. Single Business Enterprise

Plaintiff's position in nearly every aspect of its *Motion* is heavily rooted in the argument that Defendants are a single business enterprise. Plaintiff argues that Allcorn conducted business with Plaintiff on behalf of all Alert Disaster Control entities rather than as separate and individual entities.[41] Plaintiff argues that all of the Alert Disaster Control entities utilized the same website for business, indicating that Alert Disaster Control referred to one entity with multiple locations.[42]

The single business enterprise doctrine treats multiple corporate entities as the same entity, including for jurisdictional purposes.[43] The relationship between the corporate entities is not strictly confined to a parent-subsidiary relationship; the entities may be connected to "any related entity if warranted by the facts."[44] The

---

[38] *D.J. Inv., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir.1985).
[39] *Walk Haydel*, 517 F.3d at 241 (holding that a district court erred in requiring a plaintiff to establish more than a prima facie case even after a limited pretrial evidentiary hearing) (internal citations and quotations omitted).
[40] *SpinSci Technologies*, 2018 WL 4281554 at *3 (citing *Walk Haydel*, 517 F.3d at 241).
[41] Rec. Doc 22-2 p. 4.
[42] *Id.* at p. 4-5.
[43] *In re Chinese-Manufactured Drywall Products Liability Litigation*, 2017 WL at *33 (E.D. La. 2017).
[44] *Id.* at 18.
59689

factors considered by Louisiana courts in determining whether entities constitute a single business enterprise "include, but are not limited to, common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities."[45] "No one factor is dispositive."[46]

The only factor supported by Plaintiff's allegations is the unified control factor, which is tenuous at best; Plaintiff's argument may be read to support the assertion that, in addition to his control over Alert Asia as Managing Director, Allcorn possessed control over other Alert Disaster Control locations as well. There are simply no allegations asserted by Plaintiff to support any other factors. Consequently, the Court finds that there are not enough alleged facts to support a finding that Defendants constitute a single business entity. For that reason, the Court shall evaluate whether it possesses jurisdiction over each individual Defendant rather than all Defendants collectively.

### iv. General Personal Jurisdiction

Defendants argue that there is no general personal jurisdiction over any of the Defendants because "none of the Defendants have any connection with Louisiana whatsoever, other than the single isolated set of allegations concerning the contract . . .

---

[45] *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010) (citing *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 385-89 (5th Cir. 2000); *Green v. Champion Ins. Co.*, 577 So.2d 249, 258 (La. Ct. App. 1 Cir. 1991)).
[46] *Id.* (citing *Green*, 577 So.2d at 258).

59689

alleged by Plaintiff."[47] Defendants contend the following:

- None of the Defendants have any physical presence in Louisiana whatsoever.
- The business entity Defendants are organized under foreign law (or Nevada law for U.S. Alert) [sic] and none of the Defendants conduct operations in the United States.
- None of the Defendants are registered to do business in Louisiana, own any real property in Louisiana; have any offices, employees, or bank accounts in Louisiana; or conduct any business or other activity whatsoever in Louisiana.
- Mr. Michael E. Allcorn is a permanent resident of Singapore, is a registered resident of the United Arab Emirates and has no contact with Louisiana. Mr. Allcorn owns no property in Louisiana and conducts no personal business in Louisiana, and has only been to Louisiana a few times, the last time in 2003 for the purpose of transiting between flights.[48]

Defendants support their contentions by citing to the Declaration of Michael E. Allcorn,.[49] Despite Defendants' arguments, Plaintiffs do not contend that the Court possesses general personal jurisdiction. Because Defendants' argument is unopposed by Plaintiff, the Court finds that it does not possess general personal jurisdiction over any Defendant.

  *v. Specific Personal Jurisdiction*

Defendants argue that the Court does not possess specific personal jurisdiction because the present case is based on "an isolated sales transaction between a resident seller and a non-resident buyer."[50] Defendants cite to *Hydrokinetics, Inc. v. Alaska*

---

[47] Rec. Doc. 14-1 p. 8.
[48] Rec. Doc. 14-1 p. 8-9.
[49] *See* Rec. Doc. 14-2.
[50] Rec. Doc. 14-1 p. 9.
59689

*Mechanical, Inc.* for the proposition that a "single, isolated transaction" is insufficient for specific personal jurisdiction.[51] In fact, Defendants' entire argument is based upon *Hydrokinetics*. In response, Plaintiff—who bears the burden of proving jurisdiction—argues that minimum contacts exist because Defendants "deliberately set into motion an ongoing relationship" with Plaintiff such that "Defendants have availed themselves of the jurisdiction of this Court."[52] Plaintiff argues that *Hydrokinetics* is distinguishable from the present case and that the Court should instead rely upon *A&L Energy*, where the Louisiana Supreme Court held that minimum contacts may be met via electronic means.[53] Because the dispute between the parties arises out of a contract, the factors considered by the court for a minimum contacts analysis are: (1) prior negotiations between the parties; (2) contemplated future consequences of the contract; (3) the terms of the contract; and (4) the parties' actual course of dealing.[54]

However, Plaintiff's *Complaint* is vague, unspecific and conclusory making an evaluation of these factors and an analysis of each party's suggested case law impossible: in each allegation of fact in the *Complaint*, Plaintiff refers to Defendants *in globo* without specifying which entity performed which actions that entitle Plaintiff to relief. Moreover, Plaintiff's arguments in support of personal jurisdiction continue to refer to all Defendants simultaneously without parsing out how the Court possesses jurisdiction over each individual Defendant. No specific allegations are made as to the role of each Defendant. Because there are insufficient alleged facts

---

[51] 700 F.2d 1026 (5th Cir. 1983); *see* Rec. Doc. 14-1 p. 9-10.
[52] Rec. Doc. 22-2 p. 13.
[53] *A&L Energy, Inc. v. Pegasus Group*, 2000-3255 (La. 6/9/01), 791 So.2d 1266, 1271.
[54] *Burger King*, 471 U.S. at 479.
59689

to support a finding that Defendants constitute a single business enterprise, it is necessary for Plaintiff to allege facts that support a finding of personal jurisdiction for each Defendant separately. Plaintiff's failure to assert specific allegations of fact against particular defendants constitutes a failure to provide the Court with a basis for finding personal jurisdiction over each Defendant.[55]

For these reasons, Defendants' *Motion to Dismiss*[56] under Rule 12(b)(2) is GRANTED, subject to Plaintiff's right to amend the *Complaint*[57] provided below.

### B. Improper Service of Process: Rule 12(b)(5) Motion to Dismiss

Defendant moves for dismissal of the Complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.[58] The burden is on Plaintiff to show that service was valid.[59] Defendants contend that only Alert USA has been properly served and that all other Defendants—Alert Asia, Alert Middle East, and Allcorn—have not been properly served.[60] Plaintiffs argue that service on Alert USA constitutes service over all other Defendants under the single business enterprise doctrine.[61] However, for the same reasons discussed above, Plaintiff fails to

---

[55] Notwithstanding the insufficiently of Plaintiff's *Complaint* and supporting memoranda, the Court notes here that the contract alleged by Plaintiff, which is attached to the *Complaint*, and the attached invoices demonstrate that Alert Middle East is the only party to the contract in question. Moreover, Defendants state in their *Motion* that Plaintiff "simply makes no allegations as to any actions by Defendants other than Alert Middle East" and that "there is no jurisdictional (or other basis) to proceed against [the other] Defendants." Rec. Doc. 14-1 p. 7. Further, Defendants state that "[t]he only parties to the alleged contract and invoices are Plaintiff and Alert Middle East." *Id.* Despite the inferences possible from these statements, there are still insufficient facts alleged by Plaintiff to support a finding that the Court possesses jurisdiction over Defendants individually or all Defendants collectively through a single business enterprise theory.
[56] Rec. Doc. 14.
[57] Rec. Doc. 1.
[58] *Nicholson v. Wise*, 2008 WL 2051747 at *2 (W.D. La. 2008).
[59] *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435-36 (5th Cir. 1981).
[60] Rec. Doc. 14-1 p. 11-12.
[61] Rec. Doc. 22-2 p. 19.
59689

allege facts supporting that Defendants are a single business enterprise. "Absent evidence that the corporations are not independently operated, the legal distinctness of the legal entities will be preserved."[62] Moreover, service upon an affiliated entity does not constitute proper service.[63] Therefore, service on only one Defendant does not constitute sufficient service on all Defendants; Plaintiff must serve each Defendant individually according to FED. R. CIV. P. 4.

For these reasons, Defendants' *Motion to Dismiss*[64] under Rule 12(b)(5) is GRANTED, subject to Plaintiff's right to amend the *Complaint*[65] provided below. Although "dismissal under Rule 12(b)(5) is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly,"[66] Rule 4(m) of the Federal Rules of Civil Procedures requires that service be made within 120 days of the filing of the Complaint. Failing this, plaintiff may obtain an extension of time upon good cause shown.[67] Plaintiff's alternative request to re-serve and conduct discovery[68] is DENIED in light of Plaintiff's right to amend the *Complaint*.

---

[62] *Blades v. Illinois Central R.R. Co.*, 2003 WL 1193662 at *2 (E.D. La. 2003) (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159-60 (5th Cir.1983)).
[63] *Moore v. Toyota Motor Corp.*, 2017 WL 5257050 at *3 (E.D. La. 2017). *See also* WRIGHT & MILLER, 4A FEDERAL PRACTICE & PROCEDURE § 1104, at 592 (2002); *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925).
[64] Rec. Doc. 14.
[65] Rec. Doc. 1.
[66] *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499 at *3 (W.D. La. 2014).
[67] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).
[68] Rec. Doc. 22-2 p. 19-20.
59689

## III. CONCLUSION

For the reasons set forth above, Defendants' *Motion to Dismiss*[69] is **GRANTED** under Rule 12(b)(2) and Rule 12(b)(5). Defendants' *Motion for Partial Dismissal*[70] under Rule 12(b)(6) is DENIED as moot. Plaintiff's claims against Defendants are dismissed WITHOUT PREJUDICE. Plaintiff shall have twenty-one (21) days from the date of this *Ruling* to amend its *Complaint*[71] to cure the deficiencies noted herein. Failure to amend by this deadline will result in a dismissal of all claims with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 2, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[69] Rec. Doc. 14.
[70] Rec. Doc. 15.
[71] Rec. Doc. 1.
59689