UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

US FIRE PUMP COMPANY, LLC                             CIVIL ACTION

VERSUS                                                19-335-SDD-EWD

ALERT DISASTER CONTROL
(MIDDLE EAST) LTD., ET AL.

**RULING**

Before the Court is a *Motion to Dismiss*[1] under Rule 12(b)(2) and Rule 12(b)(6) filed by Defendants, Emirates National Oil Company Limited ("ENOC Limited") and Emirates National Oil Company Processing LLC ("ENOC Processing") (collectively, "ENOC"). Plaintiff, US Fire Pump Company, L.L.C. ("Plaintiff") filed an *Opposition*[2] to the *Motion*, to which ENOC filed a *Reply*.[3] For the following reasons, ENOC's *Motion to Dismiss*[4] shall be granted.

**I.    BACKGROUND**

**A.  Procedural History**

Plaintiff sued Defendants, Alert Disaster Control (Middle East) Ltd. ("Alert Middle East"), Alert Disaster Control (Asia) PTE. Ltd., and Michael Allcorn ("Allcorn") (collectively "Alert") alleging, *inter alia*, breach of contract.[5] Alert filed a *Motion to Dismiss Pursuant to*

---

[1] Rec. Doc. No. 95.
[2] Rec. Doc. No. 103.
[3] Rec. Doc. No. 105.
[4] Rec. Doc. No. 95.
[5] Rec. Doc. No. 1, p. 4.

*Rule 12(b)(2)/12(b)(5)*[6] and a *Motion for Partial Dismissal Pursuant to Rule 12(b)(6)*.[7] The Court granted the first *Motion* and denied the second as moot.[8] Plaintiff amended its *Complaint*,[9] and Alert filed two more *Motions to Dismiss*.[10] The Court granted in part and denied in part the *Motions*.[11] The Court held that it has jurisdiction over Alert.[12] Several months later, Alert filed a *Third-Party Complaint*[13] against ENOC, alleging breach of contract and indemnification if Alert is found liable to Plaintiff.[14] Plaintiff then filed a *Second Amended Complaint*[15] adding ENOC as a Defendant. ENOC now moves to dismiss the *Second Amended Complaint*, arguing that the Court lacks personal jurisdiction over it.

### B. Relevant Facts

The Court restates its factual summary from a prior *Ruling*:[16]

> Plaintiff and Alert Middle East, via Allcorn, began negotiations on December 5, 2018, for Plaintiff to sell firefighting equipment to Alert Middle East…. Plaintiff alleges that Allcorn and Plaintiff traded a flurry of emails, phone calls, and text messages over several months related to specifications for the equipment, pricing, payment terms, and delivery. Although Plaintiff tendered several contracts, the parties never executed one. Plaintiff alleges that a contract formed through communications which evidence offer and acceptance. In sum, beginning in December 2018 and into February 2019, Alert Middle East, via Allcorn, allegedly agreed to purchase more than $3.4 million in materials and equipment from Plaintiff.
>
> On January 10, 2019, Plaintiff contacted Alert Middle East to inquire about

---

[6] Rec. Doc. No. 14.
[7] Rec. Doc. No. 15.
[8] Rec. Doc. No. 35, p. 13.
[9] Rec. Doc. No. 38.
[10] Rec. Doc. No. 44; Rec. Doc. No. 45.
[11] Rec. Doc. No. 54, p. 50.
[12] *Id*. at 27.
[13] Rec. Doc. No. 67.
[14] *Id.* at p. 16–20.
[15] Rec. Doc. No. 93.
[16] Rec. Doc. No. 54, p. 3.

payment. On January 29, 2019, Alert Middle East, via Allcorn, emailed an assurance of future payment. Plaintiff alleges that no payment has been made despite multiple demands. Plaintiff filed suit on May 29, 2019, claiming breach of contract, bad faith breach of contract, fraud, a violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), and failure to pay on an open account. Plaintiff seeks specific performance and damages, including interest, costs, lost profits, incidental damages, court costs, attorney fees, and treble damages.

In the *Second Amended Complaint*, Plaintiff added additional allegations as to ENOC that are germane to the resolution of this *Motion*. Plaintiff re-states the allegations of Alert's *Third-Party Complaint*, the gravamen of which is that ENOC and Alert contracted for Alert to provide firefighting equipment and services to ENOC—but ENOC did not accept performance of the contract. Alert sued ENOC for breach of contract, indemnification, suit on an open account, unjust enrichment, and negligent representation. Plaintiff argues that ENOC and Alert are jointly and solidarily liable to Plaintiff or that ENOC is liable to Plaintiff under the doctrine of unjust enrichment.[17] ENOC counters that the Court lacks personal jurisdiction over it.

## II.   LAW AND ANALYSIS

### A.  Personal Jurisdiction: Rule 12(b)(2) Motion to Dismiss

Plaintiff rehashes Alert's arguments from its *Opposition* to ENOC's *Motion to Dismiss*. Plaintiff asserts that, at the time ENOC contracted with Alert, ENOC knew that the necessary equipment would be sourced from Louisiana.[18] Further, Plaintiff argues that ENOC's alleged breach of its contract with Alert caused damages to Plaintiff in Louisiana which were foreseeable at the time that ENOC breached the contract.[19]

---

[17] Rec. Doc. No. 93, p. 9.
[18] Rec. Doc. No. 103, p. 9.
[19] *Id*. at 10.

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state enables personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause. The due process and long-arm statute inquiries merge because Louisiana's long-arm statute extends jurisdiction coextensively with the limits of the Due Process Clause.[20]

A court may exercise specific jurisdiction[21] in conformity with due process "in a suit arising out of or related to the defendant's contacts with the forum"[22] when the "'nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[23] The Fifth Circuit follows a three-step analysis for specific personal jurisdiction. First, a court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there."[24] The "'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[25] Second, a court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts."[26] Third, "[e]ven if minimum

---

[20] *Petroleum Helicopters, Inc. v. Avco Corporation*, 834 F.2d 510, 512 (5th Cir.1987).
[21] Plaintiff does not allege general jurisdiction.
[22] *Luv N' Care, Ltd., v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted).
[23] *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010) (quoting *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir.2008)).
[24] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).
[25] *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 ("This 'purposeful availment requirement' ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.") (citations omitted); *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 588 (5th Cir. 2014).
[26] *Seiferth*, 472 F.3d at 271.

contacts exist, the exercise of personal jurisdiction over a non-resident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends traditional notions of fair play and substantial justice."[27]

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident."[28] When a district court rules on a motion to dismiss without an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction.[29] At this stage, uncontroverted allegations in the complaint must be taken as true, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor.[30] To aid resolution of the jurisdictional issue, a court "may receive interrogatories, depositions or any combination of the recognized methods of discovery . . . . But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts."[31] "When deciding a motion to dismiss for lack of personal jurisdiction, the court is not limited to considering the facts pleaded in the complaint."[32]

**B. ENOC's Contacts with Louisiana**

The Court begins by analyzing ENOC's contacts with Louisiana. Because the Court concludes that ENOC lacks minimum contacts with Louisiana, the Court does not

---

[27] *Ruston Gas Turbines*, 9 F.3d at 421 (internal citations omitted).
[28] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).
[29] *Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 230–31 (5th Cir. 1995).
[30] *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985).
[31] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008) (holding that the district court erred in requiring a plaintiff to establish more than a *prima facie* case even after a limited pretrial evidentiary hearing) (internal citations and quotations omitted).
[32] *Id.*

reach the latter stages of the analysis.

First, ENOC allegedly knew that Alert would be sourcing supplies, specifically, the equipment Plaintiff manufactured, from Louisiana.[33] Second, ENOC's alleged breach "foreseeably resulted in the damages that [Plaintiff] sustained" because Alert would not pay Plaintiff without first being paid by ENOC.[34] Third, ENOC agreed to indemnify Alert for all claims arising out of performance of their contract.[35] Plaintiff asserts this indemnity would inure to its benefit.[36] Alert previously urged that these same contacts were sufficient to establish jurisdiction, and the contacts are insufficient for the reasons the Court provided in its prior *Ruling*.[37]

In *Walden v. Fiore*,[38] the Supreme Court reiterated that "[f]or a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."[39] The relationship between the defendant and forum State "must arise out of contacts that the 'defendant *himself*' creates with the forum State."[40] The due process limits of personal jurisdiction exist "principally [to] protect the liberty of the nonresident defendant—not the convenience of the plaintiffs or third parties."[41] Further, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."[42] Finally, "[d]ue process

---

[33] Rec. Doc. No. 93, p. 5.
[34] *Id*. at 7.
[35] *Id* at 8.
[36] *Id*.
[37] Rec. Doc. No. 106.
[38] 571 U.S. 277 (1984).
[39] *Id*. at 284 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).
[40] *Id*.
[41] *Id*.
[42] *Id*. at 285.

requires that a defendant be haled into court in a forum state based on his own affiliation with the State, not based on the 'random, fortuitous or attenuated' contacts he makes by interacting with other persons affiliated with the state."[43]

ENOC's alleged knowledge that Alert would source materials from Louisiana is not a minimum contact with Louisiana. Rather, it amounts to knowledge that Alert would make a contact with the Louisiana. The Court cannot impute Alert's contact to ENOC based on ENOC's knowledge of that contact. ENOC's knowledge does not amount to an "affiliation with the state." Rather, it is a "random, fortuitous, and attenuated" contact "ma[de] by interacting with" Alert who was "affiliated with the state."[44] This "contact" is insufficient to establish jurisdiction.

The remaining contacts that Plaintiff alleges, its foreseeable damages in Louisiana and the indemnity provision in the ENOC–Alert contract, are likewise insufficient. As the Supreme Court stated in *Burger King v. Rudzewicz*, "the foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."[45] On the record before the Court, Plaintiff fails to allege that ENOC could reasonably foresee that Alert would default on its alleged obligations to Plaintiff if ENOC failed to pay Alert. As such, Plaintiff has not alleged that it was foreseeable that damages would occur in Louisiana, much less that it was foreseeable that ENOC could be haled into the forum. Moreover, the Fifth Circuit has repeatedly stated that "foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the

---

[43] *Id*. at 286 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).
[44] *Id*. at 286 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).
[45] 471 U.S. 462, 475 (cleaned up).

forum."[46]

The Court dismissed Alert's indemnity provision argument in a prior *Ruling*,[47] and the same result is appropriate here. ENOC allegedly agreed to indemnify Alert for "all activities under the [ENOC] contract."[48] Alert argued posited that the indemnity provision included coverage for losses related to the sourcing of the equipment.[49] Therefore, it should have been foreseeable to ENOC that it could be haled into court in Louisiana because ENOC knew that the equipment was being sourced from Louisiana.[50]

This argument stretches the requirement of foreseeability beyond its limit. Again, the foreseeability that is critical to the analysis is the foreseeability that the party could be haled into court in the forum state. Under Plaintiff's interpretation, the presence of an indemnity clause in a contract would render the indemnitor amenable to suit in any jurisdiction where the indemnitee creates contacts. Additionally, it would nullify the requirement that the entity over which jurisdiction is asserted must itself make contact with the forum. Plaintiff's interpretation would, in effect, impute the indemnitee's contacts to the indemnitor. And while imputing contacts for jurisdictional purposes is appropriate in some situations,[51] Plaintiff has alleged no such facts here.

In sum, Plaintiff has failed to allege minimum contacts sufficient to establish jurisdiction. The Court need not reach the other factors in the specific personal jurisdiction analysis.

---

[46] *Brokerwood Int'l U.S., Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 382 (5th Cir. 2004) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999)).
[47] Rec. Doc. No. 106, p. 12–15.
[48] *Id*. at p. 12.
[49] *Id*.
[50] *Id*.
[51] *See e.g.* Rec. Doc. No. 54.

## III. CONCLUSION

For the reasons set forth above, ENOC's *Motion to Dismiss*[52] under Rule 12(b)(2) is GRANTED. The *Second Amended Complaint*[53] is dismissed without prejudice as to ENOC. Plaintiff shall have 21 days from the date of this *Ruling* to amend.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 15, 2022.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[52] Rec. Doc. No. 95.
[53] Rec. Doc. No. 93.